United States District Court
Middle District of Florida
Jacksonville Division

**BOBBY HIGHTOWER & RHODA HIGHTOWER,**

    *Plaintiffs,*

v.                                                NO. 3:19-cv-219-J-32PDB

**MACCLENNY TIRE AND LUBE, INC.,**

    *Defendant.*

## Order

Citing Florida Rule of Civil Procedure 1.070, the plaintiffs ask the Court to appoint Accurate Serve or its agent to serve the defendant in this case. Doc. 7. The Court **denies** the motion, Doc. 7, without prejudice for failure to comply with Local Rules 1.05(a) and 3.01(a). With no memorandum of law and citation to state law only, it is unclear why appointment of a process server is necessary in this federal action.[1]

**Ordered** in Jacksonville, Florida, on March 4, 2019.

                                                     PATRICIA D. BARKSDALE
                                                   *United States Magistrate Judge*

---

[1] The Court has discretion to "order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3). But court appointment of a process server is generally unnecessary because the Federal Rules of Civil Procedure provide that "[a]ny person who is at least 18 years old and not a party may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2); *see also* 4A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1091 (3d ed. 2012) ("A court appointment no longer is necessary when the plaintiff wants to use someone other than a marshal or deputy marshal" to effectuate service. "Stated differently, a court appointment will be appropriate only when a particular person is needed or that person needs to be given an authority that is not available to the ordinary private process server.").

c:   Counsel of record