United States District Court
Middle District of Florida
Jacksonville Division

**BOBBY HIGHTOWER & RHODA HIGHTOWER,**

 *Plaintiffs,*

v.             No. 3:19-cv-219-J-32PDB

**MACCLENNY TIRE AND LUBE, INC.,**

 *Defendant.*

# Order

 Bobby and Rhoda Hightower sue Macclenny Tire and Lube, Inc., for injuries from an accident allegedly caused by Macclenny's faulty tire installation. Doc. 1. They claim bodily injury, disability, disfigurement, aggravation of preexisting conditions, pain, and suffering. Doc. 1 ¶¶ 11, 16. They seek more than $75,000. Doc. 1 ¶ 3.

 Through two motions, Macclenny seeks an order requiring each Hightower to submit to a physical examination by orthopedic surgeon Chaim Rogozinski, M.D., on January 6, 2020, at 9:00 a.m. (Rhoda), and January 8, 2020, at 9:00 a.m. (Bobby), at Rogozinski Orthopedic Clinic, 3716 University Boulevard South, Jacksonville, Florida 32216. Docs. 26, 27. Macclenny contends the examinations are necessary to determine the "nature of the plaintiffs' injuries, the effect on [the plaintiffs'] life, and the need for future medical treatment."[1] Docs. 26 and 27 at 4.

 The Hightowers do not object to the examinations but request nine separate conditions, including a condition allowing the Hightowers' counsel to be there but not Macclenny's counsel and a condition allowing a videographer to record the examinations for the Hightowers without an obligation to provide a copy of the video

---

[1]Macclenny cites interrogatory answers detailing the Hightowers' back and other injuries and states the answers are attached, but they are not. Docs. 26 and 27 at 2.

to Macclenny. Docs. 29, 30. The Hightowers state their counsel "has had significant experience" with Dr. Rogozinski and they require "adequate protections to ensure that the examination[s are] performed fairly." Docs. 29 and 30 at 3.

Under Federal Rule of Civil Procedure 35, a court may "order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). "The provisions of Rule 26(c) on protective orders are applicable to Rule 35[,] and a court ordering a physical or mental examination may make appropriate protective provisions in its order." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure,* § 2234 (3d ed.). "The trial court has extensive discretion in determining the details of the examination." *Id.*

Because the Hightowers' physical condition is in controversy and Macclenny has satisfied the Rule 35 requirements, the Court **grants** the motions, Docs. 26, 27, and **directs** the Hightowers to appear at the examinations with Dr. Rogozinski at the time and place described in the motions and this order.[2] The parties may agree on a different date and time without need for further Court order.

The Hightowers have not shown good cause for imposition of any of the nine requested conditions. The unadorned statement regarding counsel's experience with Dr. Rogozinski does not suffice. Instead of imposing conditions that detract from the core purpose of the examinations and invite compliance disputes, the Court defers to

---

[2]Macclenny does not detail the scope of the examination. Given similar cases in which the Court has ordered orthopedic examinations with Dr. Rogozinski, the Court presumes they will be general orthopedic examinations that include "history taking and standard, non-invasive neurologic and orthopedic testing." *See Frazier v. State Farm Mutual Auto. Ins. Co.*, 3:18-cv-235-J-34PDB, Doc. 17 (Sept. 10, 2018).

the traditional standards by which doctors and lawyers are governed for reasonable assurance that the examinations will be conducted in a professional manner.

Concerning the presence of the Hightowers' counsel and a videographer, the Court adopts the reasoning in *Trainor v. Florida Dirt Source, LLC*, CV418-289, 2019 WL 5849087, at *2 (S.D. Ga. Nov. 7, 2019) (unpublished), *Osgood v. Discount Auto Parts, LLC*, 3:13-cv-1364-J-34PDB, 2014 WL 212323, at *6–7 (M.D. Fla. Jan. 21, 2014) (unpublished), and the numerous other federal cases reasoning likewise. To that reasoning, the Court adds that the risk of invalidating the examinations through counsel's presence is greater than the generalized risks the Hightowers seek to address through counsel's presence. *See* Doc. 29 at 2 n.3; Doc. 30 at 2 n.3.

The Hightowers assert that where a plaintiff brings a state-law claim, state law "governs" whether a non-party may attend a Rule 35 examination. Doc. 29 at 2 n.4; Doc. 30 at 2 n.4. But the Hightowers specify no Florida law they want the Court to apply. To the extent they want the Court to apply Fla. R. Civ. P. 1.360 (Florida's rule governing medical examinations), and state cases interpreting that provision (placing the burden on the party opposing a non-party's presence), they do not mention much less analyze *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). To the extent they merely want the Court to consider that the presence of non-parties at medical examinations is commonplace in negligence actions proceeding in Florida courts, the Court has done so but, also considering Rule 26, Rule 35, and cases on both sides, is persuaded by the reasoning in the cases referenced above.

**Ordered** in Jacksonville, Florida, on December 2, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record