United States District Court
Middle District of Florida
Jacksonville Division

**BOBBY HIGHTOWER & RHODA HIGHTOWER,**

    *Plaintiffs,*

v.                                                                                                                    NO. 3:19-cv-219-J-32PDB

**MACCLENNY TIRE AND LUBE, INC.,**

    *Defendant.*

# Order

Bobby and Rhoda Hightower sue Macclenny Tire and Lube, Inc., for injuries from an accident allegedly caused by Macclenny's faulty tire installation. Doc. 1. The Court previously granted Macclenny's motions to compel the Hightowers to submit to physical examinations by orthopedic surgeon Chaim Rogozinski, M.D, under Federal Rule of Civil Procedure 35. Docs. 26, 27, 31. The reasons for granting the motions are in the earlier order, Doc. 31, and not repeated here.

Macclenny has filed two amended motions to compel physical examinations, explaining Dr. Rogozinski has not been providing reports in a timely manner and would be unlikely to submit a report by the February 6, 2020, disclosure deadline. Docs. 32 and 33 at 3. Macclenny seeks an order requiring each Hightower to instead submit to a physical examination by neurosurgeon Eric Gabriel, M.D., on January 21, 2020, at 3:30 p.m. (Bobby), and 3:45 p.m. (Rhoda), at 3 Shircliff Way, Suite 714, Jacksonville, Florida 32204.[1] Docs. 32, 33. The Hightowers have no objection. Docs. 32 and 33 at 5.

---

[1]In the body of the amended motions, Macclenny states the date for the examinations is October 21, 2020. Docs. 32 and 33 at 3. This appears to be an error.

Because the Hightowers' physical condition is in controversy and Macclenny has satisfied the Rule 35 requirements, the Court **grants** the motions, Docs. 32, 33, and **directs** the Hightowers to appear at the examinations with Dr. Gabriel at the time and place described in the motions and this order. The parties may agree on a different date and time without need for further Court order.[2]

**Ordered** in Jacksonville, Florida, on January 2, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record

---

[2]Like in the earlier motions, Macclenny does not detail the scope of the examinations. The Court again presumes they will involve general history taking and non-invasive neurologic and orthopedic testing.